IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | Cr No: 05-269 (JBD) |
| v. | : | |
| | : | |
| MICHAEL DOUGLAS | : | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

I.   THE STATEMENTS ALLEGEDLY MADE BY MR. DOUGLAS MUST BE SUPPRESSED BECAUSE THEY WERE OBTAINED IN VIOLATION OF MR. DOUGLAS' FIFTH AMENDMENT RIGHTS

   A.   AT THE TIME THE STATEMENTS WERE ALLEGEDLY MADE, MR. DOUGLAS WAS IN CUSTODY AND HAD NOT VALIDLY WAIVED HIS FIFTH AMENDMENT RIGHTS

The Supreme Court has held that, "when an individual is taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning, the [Fifth Amendment] privilege against self-incrimination is jeopardized." *Miranda v. Arizona*, 384 U.S. 436, 478 (1966).  In order to protect the privilege, the Supreme Court set forth procedural safeguards.  The safeguards require that prior to custodial interrogation an individual must be warned "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Id.* at 479.

Statements made in response to custodial interrogation may only be used against a defendant if the defendant has been given the *Miranda* warnings and subsequently makes a knowing and intelligent waiver of those rights *Id.*  The government bears the burden of demonstrating that the *Miranda* warnings were given and that the defendant has made a knowing

and intelligent waiver. *Id.*.

The questioning of Mr. Douglas in this case violated *Miranda*. At the time that the police allegedly obtained the statement from him, Mr. Douglas was in custody and any statements made were in response to questioning by the police. *See Miranda*, *supra,* 384 U.S. at 444 ("[c]ustodial interrogation is defined as 'questioning initiated by law enforcement officers after a person had been taken into custody or otherwise deprived of his freedom in any significant way.'"); *see Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (finding functional equivalent of interrogation where police conduct likely to elicit an incriminating response).

Mr. Douglas had not voluntarily waived his rights prior to answering questions posed by police. .

B.     THE STATEMENTS WERE INVOLUNTARY

A defendant's statements cannot be used at trial unless the statements were the product of a rational intellect and a free will. *Mincey v. Arizona*, 437 U.S. 385, 398 (1978). Mr. Douglas has a "constitutional right to . . . a fair hearing and a reliable determination of the issue of voluntariness. . . ." *Jackson v. Denno*, 378 U.S. 368, 377 (1964). At that hearing, the government bears the burden of proving, by a preponderance of the evidence, that Mr. Douglas' statements were made voluntarily. *Lego v. Twomey*, 404 U.S. 477, 489 (1972).

The voluntariness of a statement "is to be judged on the totality of the circumstances" under which it is made. *Wilkerson v. United States*, 432 A.2d 730, 734 (D.C. 1981), *cert. denied,* 454 U.S. 1090 (1981). A statement can only be deemed voluntary if "the totality of the circumstances show it to be the 'product of an essentially free and unconstrained choice by its maker.'" *Jackson v. United States*, 404 A.2d 911, 923 (D.C. 1979) (*quoting Culombe v. Connecticut*, 367 U.S. 568, 602 (1961)).

The totality of circumstances surrounding Mr. Douglas' statements rendered his alleged statements involuntary. The statements are therefore inadmissible for all purposes, including impeachment. *Mincey*, *supra,* at 398.

II. THE STATEMENTS ALLEGEDLY MADE BY MR. DOUGLAS MUST BE SUPPRESSED BECAUSE THEY WERE OBTAINED IN VIOLATION OF MR. DOUGLAS' FOURTH AMENDMENT RIGHTS.

Reasonable suspicion is an essential prerequisite to a seizure. *Dunaway v. New York*, 442 U.S. 200, 213 (1979). The burden of establishing reasonable suspicion is on the United States. The government cannot meet their burden here.

The police officers did not have reasonable suspicion to seize Mr. Douglas. Police arrested Mr. Douglas after allegedly observing him toss a plastic bag of crack cocaine while they executed a search warrant. Police claim that Mr. Douglas told them the contraband in the downstairs portion of the house belonged to him. Mr. Williams denies telling police that the contraband belonged to him. Mr. Williams further denies that he discarded the bag of crack cocaine.

The seizure of Mr. Douglas on this basis was unlawful. Evidence of any statements allegedly made by Mr. Douglas therefore must be suppressed as the fruit of the unlawful warrantless arrest of Mr. Douglas. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed).

## **CONCLUSION**

For the foregoing reasons and any others which may appear at a hearing on this motion, the statements allegedly obtained from Mr. Douglas must be suppressed because they were obtained in violation of Mr. Douglas' Fourth and Fifth Amendment rights.

Respectfully submitted,

_____
Douglas Wood
Counsel for Mr. Douglas
Roberts & Wood
6801 Kenilworth Ave., Suite 202
Riverdale, MD  20737
(301) 699-0764